IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARON WOOD** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 18-1944 |
| v. | : | |
| | : | |
| **ANDREW SAUL**, Acting | : | |
| **Commissioner of the Social Security** | : | |
| **Administration** | : | |
| *Defendant* | : | |

# O R D E R

**AND NOW**, this 29th day of July 2019, upon a careful review of the administrative record, [ECF 7], the *Report and Recommendation* (the "R&R") issued on March 28, 2019, by the Honorable Carol Sandra Moore Wells, United States Magistrate Judge, [ECF 13], the objections to the R&R filed by Plaintiff Sharon Wood ("Plaintiff"), [ECF 14], and Defendant's response to Plaintiff's objections, [ECF 16], it is hereby **ORDERED** that:

1. Plaintiff's objections are **OVERRULED**;

2. The *Report and Recommendation* is **APPROVED** and **ADOPTED**;

3. The decision of the Acting Commissioner of the Social Security Administration is **AFFIRMED**; and

4. The Plaintiff's Request for Review be **DENIED**.[1]

---

[1] In the R&R, the Magistrate Judge recommended the denial of Plaintiff's request for review of an unfavorable decision rendered by an Administrative Law Judge ("ALJ") on her disability insurance benefits ("DIB") and supplemental security income ("SSI") claims. Plaintiff filed timely objections. When considering objections to a magistrate judge's R&R, the court must undertake a *de novo* review of the portions of the R&R to which the plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Judicial review of an ALJ's decision is, however, limited in scope. In reviewing a Commissioner's final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the court must review the administrative factual findings in order to determine whether the ALJ's findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d at 552. "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id*. (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the court may not set it aside "even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

In analyzing a claimant's application for DIB and SSI, the ALJ applies a five-step sequential evaluation process to determine whether the individual is disabled. 20 C.F.R. § 404.1520. If the ALJ determines that the plaintiff is not disabled at any step in the evaluation process, the analysis will not proceed to the next step. The five-step process is as follows:

1. If the claimant is not working and performing substantial gainful activity, the analysis proceeds to step two.
2. If the claimant is found to have severe physical or mental impairments, the analysis proceeds to step three.
3. If the claimant's impairment meets or equals a list of severe impairments laid out in 20 C.F.R. § 404.1520(d), the analysis proceeds to step four.
4. At step four, the ALJ determines whether the claimant has the residual functional capacity to perform past relevant work. If the claimant is unable to perform past relevant work, the analysis proceeds to step five.
5. At step five, the ALJ determines whether the claimant, given the claimant's residual functional capacity, age, education, and past work experience, can perform other jobs that exist in the national economy.

20 C.F.R. § 404.1520; *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Here, the salient facts are as follows: Plaintiff, born on November 12, 1960, was fifty-six years old at the time of the administrative hearing. At the hearing, Plaintiff amended her alleged disability onset date to November 1, 2014. She has a high school education, and her work history includes a full-time position as a nursing home companion from 2000 until 2003 and another full-time position as a store laborer from 2004 until 2014. Plaintiff alleged that from November 1, 2014, to the present, she suffered the following impairments: degenerative joint disease of the knee, osteoarthritis of the bilateral knees with associated severe valgus deformity, a torn rotator cuff, undifferentiated autoimmune rheumatologic disease, Raynaud's Syndrome, S1 radiculopathy/sciatica, osteoarthritis of the back, and hypertension.

Plaintiff filed applications for DIB and SSI under Titles II and XVI of the Social Security Act. 42 U.S.C. § 423. Plaintiff was initially denied benefits and, thereafter, filed a request for hearing. Plaintiff attended a video teleconference hearing with an ALJ on May 4, 2017. On June 15, 2017, the ALJ issued a decision finding Plaintiff not disabled, on the basis that Plaintiff had a residual functional capacity ("RFC") to perform light work and was capable of performing her past relevant work as a nursing home companion. Plaintiff filed a complaint in this Court, seeking review of the denial of benefits. The matter was referred to the Magistrate Judge for an R&R.

The Magistrate Judge issued an R&R finding that: (1) the ALJ's decision that Plaintiff is capable of light work was supported by substantial evidence because the ALJ had properly considered the functional limitations flowing from Plaintiff's impairments; (2) the ALJ's decision at step four that Plaintiff can return to her past companion work was supported by substantial evidence because Plaintiff described past, full-time work as a companion, and the vocational expert ("VE") testified that a similarly situated individual could perform such work; and (3) the ALJ properly considered Plaintiff's work history. Plaintiff filed objections to findings (1) and (2) of the R&R.

As to Plaintiff's first objection, she argues that the Magistrate Judge's finding that she is capable of light work was not supported by substantial evidence. Specifically, Plaintiff asserts that her diagnoses of undifferentiated autoimmune rheumatologic disease ("UARD") and Raynaud's Syndrome are severe, and that the Magistrate Judge erred in upholding the ALJ's decision not to explicitly acknowledge her UARD diagnosis in his step two analysis of severe impairments. One of Plaintiff's doctors, Dr. Gandiga, diagnosed Plaintiff with UARD and identified the associated functional limitations as an inability to ambulate and stand for routine periods of time, which Dr. Gandiga opined would interfere with routine housework and/or employment. According to Plaintiff, the ALJ referenced Dr. Gandiga's opinion "that the claimant's impairments significantly impaired [] her ability to perform her routine housework or routine employment," but failed to explicitly mention the UARD diagnosis. [ECF 7-2 at 19]. The ALJ also did not identify Plaintiff's Reynaud's Syndrome or UARD diagnosis as severe impairments. Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ's failure to identify Plaintiff's UARD diagnosis by name, and to identify UARD and Raynaud's as severe limitations, did not constitute reversible error.

Plaintiff is, however, mistaken. The ALJ, as noted, did consider the Plaintiff's functional limitations stemming from her UARD diagnosis. As long as the ALJ identifies the functional limitations of a plaintiff's diagnoses in the decision, he or she need not specifically identify the specific diagnoses. *See Smikle v. Colvin*, 2016 WL 336471, at *14 (M.D. Pa. June 17, 2016) (citing *Alexander v. Shalala*, 927 F. Supp. 785, 792 (D.N.J. 1995), *aff'd*, 85 F.3d 611 (3d Cir. 1996)) (holding that the ALJ's failure to fully identify a depressive diagnosis is not reversible error because "the outcome of a case depends on the demonstration of functional limitations rather than a diagnosis . . . ."). Further, an ALJ's failure to correctly identify a particular impairment as severe at step two is not reversible error where the overall step two conclusion is in the plaintiff's favor and the ALJ continues to step three. *See Cox v. Colvin*, 2017 WL 2772299, at *4 (Jan. 31, 2017) *report and recommendation approved and adopted*, 2017 WL 2734296 (E.D. Pa. June 26, 2017) (citing *Salles v. Commissioner of Social Security*, 229 Fed. App'x 140, 145 n.2 (3d Cir. 2007))

3

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

(finding no reversible error when the ALJ did not find the plaintiff's neck pain and right hip pain were severe impairments at step two but proceeded to step three based on other severe impairments). Here, though the ALJ did not identify Plaintiff's UARD or Raynaud's diagnosis as severe, he found that Plaintiff had other severe impairments and continued his analysis of Plaintiff's claim through step four. Accordingly, because the ALJ proceeded in the sequential analysis on the basis of other impairments, his failure to explicitly mention the UARD or Reynaud's diagnosis or classify either as severe, even if erroneous, does not warrant remand. Thus, this Court finds that the Magistrate Judge correctly determined that these alleged errors do not warrant remand.

Next, Plaintiff objects to the Magistrate Judge's acceptance of the ALJ's step four finding that her RFC permitted her to return to her past work as a companion. Plaintiff argues that the ALJ's identification of Plaintiff's past companion work as past relevant work was not supported by substantial evidence, noting an absence of documentary evidence regarding the length of Plaintiff's employment or income earned.

As noted, Plaintiff argues that the ALJ lacked sufficient evidence to conclude at step four that Plaintiff's prior position as a nursing home companion was past relevant work. Plaintiff implies that she did not perform this position as substantial gainful activity and was not employed long enough in that capacity to learn how to do the job. Plaintiff's argument is disingenuous when considering her testimony that she worked full-time at a nursing home. Further, Plaintiff's SSA Disability Report evidences that she worked at the nursing home from 2000-2003 for 40 hours/week at $13/hour. This evidence is sufficient to support the conclusion that the work, which the VE classified as companion work, qualifies as past relevant work. Therefore, this Court finds that the ALJ's step four finding was supported by substantial evidence, and the ALJ's decision to end his analysis of Plaintiff's claim at step four, without continuing to step five, was proper. Plaintiff's objections to the Magistrate Judge's conclusions are, therefore, overruled.

After a *de novo* review of Plaintiff's objections, and consideration of the ALJ's decision, the underlying administrative record, the parties' respective briefs, and the R&R, this Court finds that the Magistrate Judge correctly addressed the underlying issues presented by the objections. Further, this Court agrees with the reasoning and findings set forth in the R&R. A review of the administrative record makes clear that the ALJ considered all relevant evidence including Plaintiff's treating doctors' opinions. This Court, therefore, concludes that the Magistrate Judge did not commit error and that the ALJ's decision was supported by substantial evidence. Accordingly, the objections are overruled, and the ALJ's decision is affirmed.